## JOHN WILSON v. CHRISTIAN BECK.

DEMURRER TO EVIDENCE—*Practice.* Where, in the trial of an action, a demurrer is interposed to the plaintiff's evidence on the ground that it does not prove any cause of action, *held*, that unless there has been a total failure upon the part of the plaintiff to prove a case, or some material fact in issue, the demurrer should be overruled. (*Brown v. A. T. & S. F. Rld. Co.*, 31 Kas. 1, and *Gardner v. King*, 37 id. 671, followed.)

32—44 KAS.

*Error from Crawford District Court.*

THE opinion states the case.

*D. B. Van Syckel,* for plaintiff in error.

*John T. Voss,* for defendant in error.

Opinion by GREEN, C.: The plaintiff in error sued the defendant in the district court of Crawford county, to obtain the office of director of School District No. 54, in said county, claiming to have been elected to that position on the second Thursday of August, 1886, by the legal voters of the district, and to have qualified and demanded the office of the defendant, his predecessor.   After the plaintiff below had introduced his evidence, the defendant interposed a demurrer thereto, which was sustained by the court, and which the plaintiff claims was error.

The facts material to this case show: That on the 12th day of August, 1886, the qualified voters of this school district met at the school-house in said district to hold the annual school meeting; the members of the school board were present, and about thirty-five of the electors of the district; judges and clerks were selected, and the election board qualified; as the election for director was being held, a number of the electors, including the chairman of the meeting, the clerk of the school board, one of the judges, and one of the clerks of the election board, withdrew, and absented themselves from the meeting; those who remained filled the vacancies; a record was kept of this meeting by one of the electors present, who signed it as secretary of the meeting; this record showed that the plaintiff received twenty-one votes for director, and the defendant nine; a report of this meeting was made by the person signing the record as secretary of the meeting, to the clerk of the school district, but he declined to receive it. Several efforts were made to introduce this record, and the same is embodied in the record brought to this court, but it appears that it was not received in evidence; when offered by

the plaintiff, objection was made by the defendant and sustained by the court. But it does appear that the ballots cast at such election were admitted in evidence, and these ballots showed that twenty-one votes were cast for Wilson and nine for Beck. The evidence of the clerk of the school district was to the effect that this meeting was held at the time fixed by law for the annual school meeting.

We are satisfied, from an examination of the record in this case, that there was some evidence to show plaintiff's election and qualification as director of this school district. While we are free to say that it may not have been the best evidence, still the court should have permitted it to go to the jury. The law in this state has been clearly settled, that unless the plaintiff has utterly failed by all of his evidence to prove his case, or some material fact in issue in the case, a demurrer to the evidence should be overruled. (*Brown v. A. T. & S. F. Rld. Co.*, 31 Kas. 1; *Gardner v. King*, 37 id. 671.)

We recommend that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.